**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4588

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

ANTONIO KORTEZ TURNER,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00464-BO-1)

Submitted:  August 8, 2022                    Decided:  August 15, 2022

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lisa K. Labresh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant.  W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Antonio Kortez Turner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. This was Turner's second conviction for this offense. Turner's Sentencing Guidelines range was 92 to 115 months' imprisonment and no more than three years' supervised release. Turner offered several reasons why he should receive a downward variance, while the government cited Turner's criminal history, the need for deterrence, and the nature and circumstances of the offense in requesting a sentence of 115 months' imprisonment. After hearing the government's reasons, the district court, without explanation, sentenced Turner to five years' probation. The lack of an explanation prevents this court from adequately reviewing the sentence. Accordingly, we vacate the sentence and remand for further proceedings.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). In reviewing whether a sentence is reasonable, we first consider whether the district court committed any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. The requirement of an adequate explanation is meant to allow for meaningful appellate review of a sentencing determination." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (citation and internal quotation marks omitted). In

2

determining the sentence, "the court must weigh the seven factors listed in § 3553(a): (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." *Id*. (internal quotation marks omitted).

"A sentencing court must state the reasons for its imposition of the particular sentence, and adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (citations and internal quotation marks omitted). The court must "set forth enough to satisfy the appellate court that [the court] has considered the parties' arguments and has a reasoned basis for exercising [the court's] own legal decisionmaking authority." *Id*. (internal quotation marks omitted). When either party advances "nonfrivolous reasons for imposing a sentence outside the Guidelines, the sentencing judge must address or consider those arguments." *Id*. But we cannot guess "at which arguments the court might have considered or assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). And the greater the variance from the Guidelines range, the more "significant" the court's explanation should be. *Gall v. United States*, 552 U.S. 38, 50 (2007).

The district court questioned Turner at length but did not address the government's arguments for a Guidelines sentence or state any reason why a substantial downward variance was warranted. Because the court did not sufficiently explain the sentence, we

3

are unable to meaningfully review it.  Accordingly, we vacate the court's judgment and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*